1
2
3
4
5
6
7

8
UNITED STATES DISTRICT COURT

9
FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
KASEEM J. WINN,                                              No.  2:13-CV-2111 AC P

12
                              Petitioner,

13
        v.                                                            ORDER

14
McDONALD, Warden,

15
                              Respondent.

16

17
        Petitioner, a state prisoner proceeding with retained counsel, has filed an application for a

18
writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an in

19
forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a);

20
1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in

21
support of a request to proceed in forma pauperis or submit the appropriate filing fee.

22
        The petition recites the history of petitioner's trial and direct appeal, but makes no

23
mention of any state habeas petition.  The petition includes claims that are not among the issues

24
identified as having been raised in appeal.  The petition states, "to the extent this writ contains

25
exhausted and unexhausted claims, petitioner requests a stay and abeyance to exhaust claims, if

26
any should be unexhausted."  Petition at 3.

27
        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

28
writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Petitioner does not require leave of this court to file a petition in the California Supreme Court.

When a federal petition contains both exhausted and unexhausted claims (a so-called "mixed petition"), it may under some circumstances be stayed pending further exhaustion. A federal habeas court may stay a mixed petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (1995). Under Rhines, stay and abeyance are available only where (1) good cause is shown for petitioner's failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78.

The Ninth Circuit provides an alternative stay procedure that requires withdrawal of the unexhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ). Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070). Once the additional claims have been exhausted, the petitioner may amend his petition to add them back to the petition. This procedure does not require a showing of cause, but presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted. Id. at 1135, 1140. The court may deny a request for stay under Kelly if it is clear that newly-exhausted claims would be time-barred. See id. at 1141.

This court will consider a stay under either Rhines or Kelly only pursuant to written motion. Any such motion must specify the exhausted and unexhausted claims, identify the legal basis for the requested stay, and make the showing required by the governing law. If petitioner does not move for a stay and the petition is in fact mixed, the petition will be subject to dismissal on respondent's motion following service.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2.  The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

3.  If petitioner seeks a stay pending exhaustion of unexhausted claims, he must file a motion for a stay and abeyance within thirty days, in accordance with the appropriate procedure.

DATED: October 25, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
will2111.101a+

3