UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEEM J. WINN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FRED FOULK,<br><br>　　　　　　Respondent. | No. 2:13-cv-02111 KJM AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the court is respondent's motion to dismiss claims one through three of the petition due to petitioner's failure to exhaust his state court remedies.  ECF No. 10.  Petitioner has responded to the motion (ECF No. 16) and respondent has replied (ECF No. 17).

I.　　Factual and Procedural Background

A jury convicted petitioner of various sex offenses involving minors and on July 30, 2010, he was sentenced to an indeterminate state prison term of 138 years eight months to life.  ECF No. 1 at 2; Lodged Doc. No. 2 at 1.

　　A.　　Direct Review

Petitioner, with the assistance of counsel, appealed to the California Court of Appeal, Third Appellate District.  ECF No. 1 at 2.  Although petitioner's brief to the Court of Appeal is

1

1   not part of the current record, the April 25, 2012 opinion reflects that petitioner raised the

2   following arguments on appeal:

3       (1) the trial court erred by imposing consecutive sentences as to two of the twelve counts

4           against him; and

5       (2) there was a clerical error in the abstract of judgment that needed to be corrected.

6   Lodged Doc. No. 2 at 1.

7       The Court of Appeal found that a clerical error existed on the abstract of judgment and

8   that the trial court had failed to pronounce judgment on one of the counts. Id. at 11. The trial

9   court was directed to sentence petitioner on count eleven and correct the error on the abstract of

10   judgment. Id. The judgment was affirmed in all other respects. Id.

11       On May 29, 2012, again with assistance of counsel, petitioner petitioned for review of the

12   Court of Appeal's decision in the California Supreme Court. ECF No. 1 at 2; Lodged Doc. No. 3.

13   Petitioner presented a single issue: whether the trial court erred by imposing consecutive

14   sentences as to two of the twelve counts against him. Lodged Doc. No. 3.

15       On July 11, 2012, the state Supreme Court denied the petition for review. ECF No. 1 at 2;

16   Lodged Doc. No. 4.

17       B.    State Collateral Review

18       On January 2, 2012,[1] petitioner filed a pro se petition for writ of habeas corpus in the

19   Sacramento County Superior Court (the "Superior Court Petition"). Lodged Doc. No. 7. The

20   application stated that petitioner was raising claims not presented on appeal due to the ineffective

21   assistance of appellate counsel. Id. at 21. Petitioner raised the following claims in the Superior

22   Court Petition:

23       (1) petitioner received ineffective assistance of trial counsel because:

24           (a) counsel failed to provide evidence to support his plea of not guilty by reason

25           of insanity;

26           (b) counsel failed to call any witnesses;

---

[1] The prison mailbox rule was used in determining the filing date of petitioner's state habeas petitions because they were submitted pro se. See Houston v. Lack, 487 U.S. 266 (1988).

       (c)  counsel failed to present any defense on petitioner's behalf;

       (d)  counsel inadequately advised petitioner not to testify;

       (e)  counsel failed to properly investigate his mental illness; and

       (f)  counsel failed to object to or request proper jury instruction related to the prosecution's improper statements;

(2) petitioner was deprived of his right to testify on his own behalf due to the actions of trial counsel;

(3) petitioner was denied a fair trial as a result of prosecutorial misconduct in the form of improper assertions regarding the evidence; and

(4) petitioner received ineffective assistance of appellate counsel because counsel failed to raise the ineffectiveness of trial counsel on appeal.

Lodged Doc. No. 7.

On February 28, 2012, the Superior Court Petition was denied. Lodged Doc. No. 8.

On March 1, 2012, petitioner, proceeding pro se, filed a petition for writ of habeas corpus in the Court of Appeal (the "Court of Appeal Petition"). Lodged Doc. No. 9. Petitioner reused his Superior Court Petition as his Court of Appeal petition, thereby raising the same grounds as in his Superior Court Petition. Id.

On March 19, 2012, the Court of Appeal denied the Court of Appeal Petition. Lodged Doc. No. 10.

Petitioner did not file a petition for writ of habeas corpus in the California Supreme Court.

    C.     The Federal Petition

On October 11, 2013, petitioner, through counsel, filed the instant federal petition raising the following claims:

(1) petitioner received ineffective assistance of trial counsel because:

       (a)  counsel failed to call any defense witnesses;

       (b)  counsel did not cross-examine key prosecution witnesses for bias; and

       (c)  counsel failed to raise any defense related to petitioner's plea of not guilty by reason of insanity (collectively, Ground One);

  (2) petitioner was deprived of a fair trial because trial counsel ignored his decision to plead not guilty by reason of insanity (Ground Two);

  (3) petitioner was denied his right to confront witnesses against him because trial counsel failed to cross-examine defense witnesses (Ground Three); and

  (4) the trial court erred by imposing consecutive sentences as to two of the twelve counts against him (Ground Four).

ECF No. 1 at 4-12.

II. Motion to Dismiss

  Respondent now moves to dismiss the instant petition as mixed and objects to a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (1995). ECF No. 10. Respondent argues that while one of petitioner's claims is exhausted, this court may not adjudicate any of the claims in the petition so long as the petition includes claims which have not been presented to the state's Supreme Court. Id. at 2-3. Respondent argues that, unless petitioner deletes the unexhausted claims from the petition, the petition should be dismissed without prejudice. Id. at 3.

  Respondent concedes that petitioner exhausted the claims raised in Ground Four of the petition, but alleges that the claims raised in Grounds One through Three are unexhausted. Id. Respondent also objects to a stay under Rhines because the cursory request for a stay contained in the petition is insufficient to establish the necessary good cause. Id. at 4-6. A stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) was not addressed because respondent assumed any request for stay would be under Rhines. Id. at 3-4.

III. Response and Motion to Stay and Hold in Abeyance

  On May 14, 2014, this court issued an order to show cause ("OSC") directing petitioner to show cause, within thirty days, why his failure to oppose the motion to dismiss should not be deemed a waiver of any opposition to granting the motion. ECF No. 14. He was also ordered to file any opposition to the motion within the same period of time. Id.

  On June 16, 2014, petitioner's counsel filed an affidavit in response to the OSC, in which he explains that he was extremely sick from late April through most of May and was unable to work. ECF No. 15. He further explained that as a solo practitioner he did not have an associate

1  that could work on petitioner's case, and that since the case was pro bono he could not refer it out
2  as he would his regular work.  Id.  Although counsel fails to address why he could not have at
3  least requested an extension of the time to respond to the motion, the court finds he has
4  established good cause for his untimely filing and the order to show cause is discharged.

5  In response to the respondent's motion, petitioner acknowledges that the instant petition is
6  mixed and that Grounds One through Three have not been presented to the state's highest court.
7  ECF No. 16 at 2.  Petitioner requests a stay of his federal petition under either Kelly or Rhines.
8  Id. at 7.  If a stay is not granted, he requests permission to delete the unexhausted claims and
9  proceed with the exhausted claim.  Id.

10  In support of his application for a stay, petitioner argues that all of his claims "arise out of
11  the same set of operative facts, specifically that counsel to petitioner in the original trial didn't
12  pay attention to the simple, yet important, requirements of petitioner's case."  Id. at 4.  He also
13  argues that good cause exists for his failure to exhaust his state court remedies because he is
14  mentally ill and has been heavily medicated to control his schizophrenia.  ECF No. 16 at 5.  He
15  claims that he "was too medicated to raise his objections to trial counsel" and "too medicated and
16  mentally ill to ask for other counsel."  Id.

17  IV.     Reply

18  Respondent does not oppose a stay under Kelly, but disagrees that the unexhausted claims
19  will relate back to the exhausted claim.  ECF No. 17 at 2.  Should a stay under Kelly be granted
20  and the claims in Grounds One through Three reasserted by amendment after they have been
21  exhausted, respondent indicates the possibility of a motion to dismiss the claims as untimely.  Id.

22  Respondent opposes a stay under Rhines, arguing that petitioner has failed to establish
23  good cause because he has not provided any evidence to support his general claim that his mental
24  illness and treatment prevented him from exhausting his state court remedies.  Id. at 2-3.
25  Respondent also argues that the pro se state habeas action petitioner initiated refutes his good
26  cause argument and questions whether petitioner's mental capacity was actually as lacking as
27  petitioner claims.  Id. at 3-4.
28  ////

V.     Discussion

     A.     Exhaustion

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Respondent concedes that the claims in Ground Four have been exhausted (ECF No. 10 at 3) and petitioner admits that the claims in Grounds One through Three of the petition have not been exhausted (ECF No. 16 at 2).

     B.     Stay and Abeyance

Federal district courts may not adjudicate petitions for habeas corpus which contain both exhausted and unexhausted claims. Rose, 455 U.S. at 518-19. This does not mean, however, that a so-called "mixed petition" must be dismissed. Under Rhines, the federal habeas court may stay a mixed petition for good cause pending further exhaustion. Rhines v. Weber, 544 U.S. 269, 276-77 (2005). Alternatively, under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070).

          1.     Request for *Rhines* Stay

Under Rhines, stay and abeyance are available only where (1) good cause is shown for petitioner's failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Petitioner argues that good cause exists for his failure to exhaust his state court remedies because he is mentally ill and has been heavily medicated to control his schizophrenia. ECF No. 16 at 5. He claims that he "was too medicated to raise his objections to trial counsel" and "too medicated and mentally ill to ask for other counsel." Id. In his petition he also states that due to the medication he takes to control his

6

Case 2:13-cv-02111-KJM-AC   Document 19   Filed 02/18/15   Page 7 of 12

schizophrenia, his "ability to express himself, assert himself when dealing with counsel, and file documents on his own is limited or nonexistent." ECF No. 1 at 3.

While petitioner addresses his condition during trial and currently, he is silent as to his condition between the trial and the filing of the petition in this case. Presumably, petitioner intends that the court will infer his incapacity has existed without interruption since the trial, but his silence is problematic because that is the period of time during which petitioner should have been pursuing his state court exhaustion. Moreover, the record shows that during the time at issue, petitioner filed a pro se Superior Court Petition on January 2, 2012, which included the claims asserted in Grounds One through Three of the instant action. Lodged Doc. No. 7. After the Superior Court Petition was denied, he filed his Court of Appeal Petition on March 1, 2012, again without the assistance of counsel. Lodged Doc. No. 9. Therefore, it appears that at least through March 1, 2012, petitioner was capable of advocating for himself, or at the very least capable of obtaining the assistance he required to allow him to advocate for himself. There is no explanation as to why, when the Court of Appeal Petition was denied on March 19, 2012, petitioner failed to file a petition with the California Supreme Court.

Additionally, there is no documentary evidence to support petitioner's claims regarding his diagnosis, the alleged severity of his condition, or his conclusory assertions that his mental illness and treatment prevented him from exhausting his state court remedies. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (explaining that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.") Without any allegations regarding petitioner's mental state and capabilities during the specific time period when he should have been exhausting his state court remedies, and absent any documentation such as medical records or affidavits to support his claims of incapacity, the court is unable to find that petitioner has established good cause for a stay under Rhines.

A petitioner seeking stay and abeyance under Rhines must also show that he has not been intentionally dilatory in pursing litigation. Petitioner has failed to offer any explanation as to why, after receiving the March 19, 2012 denial of his Court of Appeal Petition, he failed to take

7

any action on the claims contained therein until filing the instant petition on October 11, 2013. Petitioner also fails to address why he did not request a stay (ECF No. 16) until nearly seven and a half months after this court advised him that if he sought a stay under either Rhines or Kelly he must file a motion to that effect within thirty days (ECF No. 4).  Both situations show a lack of diligence in pursing litigation.  Moreover, petitioner makes no representation that he has yet filed the claims contained in his federal petition in the California Supreme Court.[2]  Petitioner did not need a stay of this case, or leave of this court, to file an exhaustion petition in state court simultaneously with his federal petition.  Had he done so, his claims may well have been exhausted by now.  Petitioner's failure to do so is inconsistent with reasonable diligence.

Since petitioner has failed to establish good cause or show that he has not been intentionally dilatory, it is unnecessary for the court to examine whether his claims potentially have merit.  Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008).

Given that petitioner has not established good cause for failing to exhaust his claims in state court or shown that he was not intentionally dilatory in pursing litigation, a stay pursuant to Rhines is inappropriate.

        2.        Request for Stay Under *Kelly*

If a petitioner does not qualify for a stay under Rhines, an alternative is to request a stay under Kelly, which requires withdrawal of the unexhausted claims.  See King, 564 F.3d at 1135 (citing three-step procedure of Kelly, 315 F.3d 1063).  Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims.  Id. (citing Kelly, 315 F.3d at 1070).  Once the additional claims have been exhausted, the petitioner may amend his petition to add them back to the petition.  This procedure does not require a showing of cause, but presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted.  Id. at 1135, 1140.  The court may deny a request for stay under Kelly if it is clear that newly-exhausted claims would be time-barred.  See id. at 1141-42.

---

[2] Review of that court's online docketing system indicates that he has not.

The California Supreme Court denied petitioner's direct appeal on July 11, 2012. Lodged Doc. No. 4. Judgment became final on October 9, 2012, beginning the statute of limitations period. See 28 U.S.C. § 2244(d)(1)(A).[3] Assuming for present purposes that petitioner's exhausted claim was timely filed on October 11, 2013, there was no time remaining within the limitations period.[4] Accordingly, petitioner's unexhausted claims would clearly be time-barred if added by amendment following exhaustion -- unless they relate back to the sole exhausted claim. See Mayle v. Felix, 545 U.S. 644, 654 (2005).

"An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650. In order for claims to relate back, they must be "tied to a common core of operative facts." Id. at 664. Simply arising out of the same "trial, conviction, or sentence" is insufficient. Id.

Petitioner argues that his unexhausted claims of ineffective assistance of counsel will relate back to his exhausted claim that the trial court improperly imposed a consecutive sentence because they all arise out of the fact that trial counsel "didn't pay attention to the simple, yet important, requirements of petitioner's case." ECF No. 16 at 4. Petitioner's strained attempt to re-characterize Ground Four of the petition as an implicit ineffective assistance of counsel claim does not support relation back.

Petitioner's exhausted claim that the trial court improperly sentenced him to a consecutive sentence on two counts is based upon the trial court's alleged error. ECF No. 1 at 9-12. The unexhausted claims that trial counsel was ineffective because she filed to provide a defense, failed to call or cross-examine witnesses, and ignored petitioner's request to plead not guilty by reason

---

[3] Section 2244(d)(1) of Title 28 of the United States Code contains a one year statute of limitations for filing a habeas petition in federal court. The one year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

[4] Because petitioner's habeas petitions in the lower state courts were filed during the pendency of his direct appeal, they had no tolling effect under 28 U.S.C. § 2244(d)(2). A limitations period that has not yet commenced is not subject to tolling.

of insanity, are based on trial counsel's alleged failures. Id. at 4-9. Although the court error and attorney error claims overlap to some degree, their factual cores are entirely distinct. Relation back would not be appropriate here because the claims are not "tied to a common core of operative facts." Mayle, 545 U.S. at 664.

In Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012), the Court of Appeal held that claims regarding the trial court's denial of a motion did not did not share common core of operative facts with claims regarding trial counsel's failure to timely file said motion. The court reasoned that one claim was based on the trial court's alleged error, while the other was based on trial counsel's alleged failures. Id. The claims in Schneider overlapped factually to a larger degree than those at issue here. If relation back was not available in Schneider, it cannot be available here.

Even if Ground Four could be construed as an ineffective assistance of counsel claim, it would still be insufficient to allow the unexhausted claims to relate back. Grounds One through Three differ "in both time and type" from Ground Four. Mayle, 545 U.S. at 650. Grounds One through Three are based on trial counsel's alleged failure to take action to provide an adequate defense during trial. ECF No. 4-9. Ground Four, construed as an ineffective assistance of counsel claim, would be based upon trial counsel's failure to recognize the court's error at sentencing. ECF No. 16 at 4-5. Not only are the exhausted and unexhausted claims separated by time, but they differ in type. See Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that claims were based upon "at least two discrete occurrences" and "depend[ed] upon separate transactions and d[id] not share a common core of operative fact" when they were based on "the admission of evidence during trial and the instructions charged to the jury after the close of evidence"); see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance."); Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir.2000) (newly offered claims of ineffective assistance of counsel did not relate back to timely-filed claims of ineffective assistance of counsel

because they were raised on different sets of facts); United States v. Duffus, 174 F.3d 333, 337–38 (3d Cir.1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction).

Petitioner's unexhausted claims of ineffective assistance of counsel will not relate back to his exhausted claim that the trial court erred in imposing a consecutive sentence. Without relating back to his exhausted claim, petitioner's unexhausted claims would be clearly untimely, making a stay under Kelly inappropriate.

VI.    Conclusion

Because petitioner does not qualify for a stay of the mixed petition under Rhines, and a stay under Kelly would not be appropriate because the unexhausted claims are time-barred, it is recommended that the motion to dismiss be granted and the petition dismissed with leave to file an amended petition that includes only exhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 14) is discharged.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's request for a stay (ECF No. 16) be denied.

2. Respondent's motion to dismiss (ECF No. 10) be granted.

3. Petitioner be directed to file an amended petition, including exhausted claims only, within 28 days of the filing date of any order adopting these findings and recommendations.

4. The district court order as follows: Should petitioner fail to file an amended and fully-exhausted petition, the claims identified herein as unexhausted will be stricken and those portions of the petition disregarded for all purposes. The case will then proceed on the basis of the petition as amended by operation of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE