UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEEM J. WINN,

           Petitioner,

    v.

FRED FOULK,

           Respondent.

No. 2:13-cv-2111 KJM AC P

FINDINGS & RECOMMENDATIONS

Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The action proceeds on the petition filed on October 11, 2013. Id. Respondent has answered (ECF No. 23), and petitioner did not file a traverse.

    I.    <u>Background</u>

The petition challenges petitioner's 2010 conviction for numerous counts of sexual offenses against three minors, for which he was sentenced to an aggregate term of 138 years and eight months to life. ECF No. 1.

Petitioner appealed to the California Court of Appeal, Third Appellate District. The Court of Appeal found that a clerical error existed on the abstract of judgment and that the trial court had failed to pronounce judgment on one of the counts. ECF No. 23-1 at 12. The trial court was directed to sentence petitioner on count eleven and correct the error on the abstract of judgment.

1

Id. The judgment was affirmed in all other respects. Id. Petitioner proceeded to petition for review of the Court of Appeal's decision in the California Supreme Court; review was denied on July 11, 2012. Lod. Docs. No. 3, 4.

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court on January 2, 2012,[1] which was denied in a reasoned decision on February 28, 2012. Lod. Docs. 7, 8.

Petitioner next filed a habeas petition in the California Court of Appeal, which was denied on March 19, 2012, without prejudice to refiling in the superior court in the event that petitioner did not receive adequate relief on appeal. Lod. Docs. 9, 10. Petitioner did not file a petition for writ of habeas corpus in the California Supreme Court.

The instant federal petition was filed by counsel on October 11, 2013, and respondent moved to dismiss Grounds One through Three of the petition on the ground that they were unexhausted. ECF Nos. 1, 10. Petitioner admitted that Grounds One through Three were not exhausted and requested a stay under either Rhines v. Weber, 544 U.S. 269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). ECF No. 16 at 7. The request for a stay was denied and the motion to dismiss was granted. ECF Nos. 19, 21. Petitioner was directed to file an amended petition including only exhausted claims and was warned that failure to do so would result in the unexhausted claims being stricken and disregarded for all purposes. ECF No. 21. After petitioner failed to file an amended petition, Grounds One through Three of the petition were stricken and respondent was ordered to respond to Ground Four of the petition. ECF No. 22. Respondent answered on June 26, 2015 (ECF No. 23), and petitioner did not file a traverse.

II.     Petitioner's Allegation

Petitioner's only remaining claim alleges that the trial court erred in sentencing him to consecutive sentences on Counts 1 and 2 under Penal Code § 667.61(i) because the offenses occurred on a single occasion. ECF No. 1 at 9-12. He argues that the court erred in finding that the offenses took place on separate occasions and therefore relied upon an incorrect basis for its

---

[1] The prison mailbox rule was used in determining the filing date of petitioner's state habeas petitions because they were submitted pro se. See Houston v. Lack, 487 U.S. 266 (1988).

1  decision to impose consecutive sentences on those counts.  Id. at 11.

2  III.    Respondent's Answer

3      Respondent argues that the court must deny the petition because federal courts are bound

4  by state court interpretations of state law and the claim is not cognizable in federal habeas.  ECF

5  No. 23 at 8-9.

6  IV.    Scope of Federal Habeas

7      Petitioner's sole remaining claim is not cognizable in federal habeas.  Federal habeas

8  relief is available to state prisoners only to correct violations of the United States Constitution,

9  federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "[I]t is not the province of a

10  federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v.

11  McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)

12  (habeas relief "is unavailable for alleged error in the interpretation or application of state law").

13  This includes the interpretation or application of state sentencing laws.  Beaty v. Stewart, 303

14  F.3d 975, 986 (9th Cir. 2002) (claim that state court improperly imposed consecutive sentences in

15  violation of state law not cognizable (citing Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.

16  1989)); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to

17  impose sentences concurrently or consecutively is a matter of state criminal procedure and is not

18  within the purview of federal habeas corpus." (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th

19  Cir. 1971)).

20      The instant petition seeks relief for the allegedly improper imposition of consecutive

21  sentences under California's sentencing law.  Even if petitioner had invoked his federal due

22  process rights, which he did not, the allegations of the petition would not support a viable claim.

23  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a

24  state-law issue into a federal one merely by asserting a violation of due process").

25  V.    Certificate of Appealability

26      Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

27  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

28  certificate of appealability may issue only "if the applicant has made a substantial showing of the

3

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be denied.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE